UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENFLO COMPANY, INC.,<br><br>                     Plaintiff,<br><br>v.<br><br>MARK DANIEL AUGUSTINE,<br><br>                     Defendant. | Case No.: 14-CV-1630-AJB-JLB<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION AND MOTION TO VOLUNTARILY DISMISS AND DENYING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**<br><br>(Doc. No. 41) |

      Presently before the Court is Plaintiff Evenflo Company, Inc.'s ("Evenflo") *ex parte* application and motion to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant Mark Daniel Augustine ("Augustine") opposes the motion and requests an award of attorney's fees and costs. (Doc. No. 45.) The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1. The Court **GRANTS IN PART** Evenflo's application and **DISMISSES WITH PREJUDICE** the amended complaint, and **DENIES** Augustine's request for attorney's fees and costs.

## BACKGROUND

      This case arises from Augustine's allegedly wrongful actions committed during his

employment with Evenflo.[1] On May 27, 2015, Evenflo filed an amended complaint, alleging Augustine committed additional wrongful acts not alleged in its original complaint, including Defendant's misappropriation of Evenflo's funds to pay Augustine's personal car insurance payments. (Doc. No. 39 ¶¶ 12–15.) Augustine answered the amended complaint on June 26, 2015. (*See* Doc. No. 40.) On October 15, 2015, Evenflo filed the instant *ex parte* application to voluntarily dismiss its amended complaint without prejudice, stating it is informed Augustine will declare bankruptcy, thus rendering him judgment proof, should judgment be entered against him in this case. (Doc. No. 41 at 3–4.) On October 23, 2015, Augustine filed an opposition, (Doc. No. 45), and on October 30, 2015, Evenflo filed a reply, (Doc. No. 48).

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(1) permits voluntary dismissal by the plaintiff without court order by either filing a notice of dismissal before the opposing party has served an answer or motion for summary judgment, or a stipulation of dismissal by all parties who have appeared. Where dismissal under Rule 41(a)(1) is not available, Rule 41(a)(2) permits an action to be "dismissed at the plaintiff's request" by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (internal citation omitted). However, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).

---

[1] On January 7, 2015, the Court ruled on Augustine's motion to dismiss, which was denied, and Evenflo's application to strike, which was granted. (*See* Doc. No. 28.) In that order, the Court summarized the case's factual background.  The Court assumes familiarity with that order and accordingly will recite here only those procedural facts necessary to understand the case's current posture with respect to the instant application.

The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

## DISCUSSION

Augustine filed an answer and refused to stipulate to dismissal. (Doc. No. 40; Doc. No. 41-1 at 1–2.) Accordingly, voluntary dismissal is appropriate only under Rule 41(a)(2). *See* Fed. R. Civ. P. 41(a)(1), (a)(2).

### *I.     Timeliness of Defendant's Opposition*

As an initial matter, the Court takes issue with the untimeliness of Augustine's opposition. The Court's Civil Case Procedures provide, "After service of the *ex parte* motion, opposing counsel will ordinarily be given until 5:00 p.m. on the next business day to respond. If more time is needed, opposing counsel *must* call the law clerk to modify the schedule. *Ex parte* motions that are not opposed, will be considered unopposed and *may be granted on that ground*" (emphasis added).

Evenflo filed its *ex parte* application on October 15, 2015.[2] (Doc. No. 41.) Accordingly, pursuant to the Court's Civil Case Procedures, Augustine had until October 16 at 5:00 p.m. to file his opposition. Augustine neither filed an opposition by that time nor contacted the Court to seek an extension of the deadline. On October 21, the Court contacted defense counsel to verify whether Augustine did indeed intend to oppose the application, as he represented to Evenflo. Defense counsel represented she would file an opposition "today or tomorrow." "Tomorrow" at that time was October 22. Despite defense counsel's representation of her intent to file an opposition, which would have been untimely at any rate, the Court did not receive an opposition by close of business on October 22. The Court therefore took Evenflo's application under submission on October 23. (Doc. No. 44.) Only after taking the application under submission was Augustine's

---

[2] Unless otherwise noted, all references to dates in this section refer to dates occurring in the year 2015.

opposition filed. (Doc. No. 45.)

Whether judged under the Court's Civil Case Procedures or defense counsel's self-imposed deadline, Augustine's opposition is untimely. The Court notes Augustine's untimeliness has been a recurring issue in this matter. For instance, despite Evenflo filing this action in March 2014 and it being transferred to this Court on July 24, 2014, as late as September 23, 2014, Augustine had not filed an answer. (Doc. No. 28 at 3.) On that date, the Court held a status conference, at which time Augustine, through counsel, represented he would be filing an answer and cross complaint "shortly." (Doc. No. 16.) Yet, nearly two weeks lapsed with no filing, necessitating the issuance of an order directing Augustine to file his answer and cross complaint on or before October 10, 2014. (Doc. No. 17.)

Instead of filing an answer and cross complaint, Augustine filed a motion to dismiss, presenting to this Court the same arguments for dismissal as he presented to the Southern District of Ohio for dismissal or transfer. (Doc. No. 28 at 3–4.) Augustine attempted to support that motion with a supplemental declaration, which he failed to file until three days *after* Evenflo's opposition and without seeking leave of Court. (*See* Doc. No. 21; Doc. No. 28 at 4.) Because the Court refused to "permit further gamesmanship of the court system and opposing counsel," the Court granted Plaintiff's motion to strike the untimely declarations. (Doc. No. 28 at 5.)

Augustine's repeated unexcused failures to meet deadlines has caused substantial delay in this case's adjudication. Augustine suggests his delay in filing his opposition to the instant application—missing the deadline under the Court's Civil Case Procedures by *one week*—is somehow justified because the issues raised are "not simple matters[,] and they required serious contemplation, extensive research[,] and legal analyses." (Doc. No. 45 at 2.) First, the Court disagrees with Augustine's position that the issues presented in Evenflo's *ex parte* application were so sophisticated that it would have been impossible to meet the one-day deadline. The defendant in *Hanginout, Inc. v. Google, Inc.* was required to respond to two *ex parte* applications for voluntary dismissal, and both times,

4

it was able to meet the deadline, submitting oppositions nearly twice as long as Augustine's that relied on Ninth Circuit case law in support of its positions.[3] *See Hanginout, Inc. v. Google, Inc.*, No. 13cv2811 AJB (NLS) (S.D. Cal. June 30, 2015) (Doc. Nos. 68, 81). However, even if Augustine felt additional time was needed, a simple phone call to chambers, permitted by the Court's Civil Case Procedures, would have remedied the short filing deadline Augustine faced. The wholesale failure to comply with a basic court rule, in light of Augustine's repeated and unexcused delays, is a possible basis for treating Evenflo's *ex parte* application for voluntary dismissal as unopposed. However, the Court is troubled by the timing of Evenflo's application, brought on the heels of the close of fact discovery, as well as Augustine's contention that Evenflo has failed to finish producing documents. For this reason, the Court will consider the merits of each party's position.

## II.     *The Merits of Plaintiff's Application for Voluntary Dismissal*

"In resolving a motion under Rule 41(a)(2), the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Sherman v. Yahoo! Inc.*, No. 13cv0041-GPC-WVG, 2015 WL 473270 at *2 (S.D. Cal. Feb. 5, 2015) (citing Fed R. Civ. P. 41(a)(2); *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

### A.     **Whether to Allow Dismissal**

The initial question for the Court is whether to allow dismissal of Evenflo's claims at all. As stated above, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal

---

[3] The Court reminded Augustine in its January 7, 2015, order denying Augustine's motion to dismiss that the Court sits in the Southern District of California, located in the Ninth Circuit. (Doc. No. 28 at 4.) Despite this reminder, and with the exception of citations to Ninth Circuit cases outlining the legal standard, Augustine relies almost exclusively on nonbinding, out-of-circuit case law in his opposition. (*See* Doc. No. 45.)

prejudice as a result." *Smith*, 263 F.3d at 975. To establish legal prejudice, the defendant must show "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. Accordingly, "[t]he late filing of a voluntary motion to dismiss, expenses incurred in defending the litigation, inconvenience to the defendant, and any tactical advantage to the plaintiff resulting from the voluntary dismissal do not establish legal prejudice." *Real Estate Disposition Corp. v. Nat'l Home Auction Corp.*, No. CV 08-00435 SJO (Ex), 2009 WL 764529, at *2 (C.D. Cal. Mar. 19, 2009) (citing *Smith*, 263 F.3d at 976); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (stating a defendant must show something more than "the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage"); *Westlands Water Dist.*, 100 F.3d at 97 ("Uncertainty because a dispute remains unresolved is not legal prejudice.").

Augustine argues this case should not be dismissed for the following reasons: (1) Evenflo's proffered reason for dismissal—that Augustine will allegedly declare bankruptcy and render himself judgment proof should Evenflo obtain judgment in this case—is insufficient because "Evenflo should have known this and could have moved for dismissal long ago"; (2) Evenflo has failed to produce all documents relevant to "the lion's share of its allegations"; and (3) Augustine's legal rights will be threatened if the case is dismissed without prejudice, in that "the delay created by Evenflo refilling [sic] its complaint at a later date may cause [essential] witnesses to be unavailable" to Augustine, and the filing of this complaint "destroyed [] Augustine's professional reputation." (Doc. No. 45 at 3–5.)

Augustine's first argument is, in essence, that Evenflo should have known of its likely inability to obtain recovery from him and should therefore have moved for dismissal earlier in the litigation. Yet, that does not establish legal prejudice. *See Real Estate Disposition Corp.*, 2015 WL 764529, at *2 ("[t]he late filing of a voluntary motion to dismiss . . . do[es] not establish legal prejudice"). To the extent Augustine's position equates to an argument that he has been forced to defend against this lawsuit is likewise

1  not legal prejudice. *See id.* ("expenses incurred in defending the litigation [and]
2  inconvenience to the defendant . . . do not establish legal prejudice"). Furthermore,
3  following Augustine's reasoning, voluntary dismissal would be inappropriate in every
4  case because all plaintiffs should recognize that "filing a complaint [may] cause[] what
5  might be irreparable damage" to the defendant's reputation; such damage might "cause
6  significant loss of earnings"; and the defendant might "incur significant fees to defend
7  himself in th[e] matter." (Doc. No. 45 at 3.)

8       Augustine next argues Evenflo's failure to produce all the relevant documents
9  concerning "the lion's share of [Evenflo's] allegations" warrants denial of its *ex parte*
10 application. (*Id.* at 4.) It is true this Court has declined to dismiss cases without prejudice
11 in the past where the plaintiff has failed to participate fully in fact discovery. *See, e.g.*,
12 *Hanginout, Inc. v. Google, Inc.*, No. 13cv2811 AJB (NLS), slip. op. at 3 (S.D. Cal. Apr.
13 22, 2015) (denying *ex parte* application in part because "[p]laintiff admit[ted] that
14 minimal fact discovery ha[d] been conducted to date," despite fact discovery closing
15 within the preceding month). Yet, the instant matter differs from *Hanginout, Inc.* in a
16 significant respect: there, this Court concluded the defendant was entitled to resolution of
17 the case because it "ha[d] actively litigated th[e] matter from the outset . . . ." *Id.* Here,
18 Evenflo contends Augustine failed to "timely provide documents promised in discovery
19 necessitating the continuance of his deposition" and to timely satisfy "the expert
20 disclosure requirements of Rule 26(a)(2)(B) . . . ." (Doc. No. 48 at 6; Doc. No. 48-2 at
21 45.) Evenflo further contends it was required to postpone depositions of Evenflo
22 witnesses because Augustine "unilaterally tried to set every deposition by serving blind
23 notice on the last possible date." (Doc. No. 48 at 7.) In light of Augustine's pattern of
24 missing deadlines in this case and Evenflo's allegations of additional missed deadlines in
25 the discovery arena, the Court cannot agree with Augustine that Evenflo's failure to fully
26 participate in discovery warrants denial of its *ex parte* application.

27      Augustine finally argues he will suffer legal prejudice from dismissal of this case
28 in that (1) key witnesses may not be available for deposition if the case is later refiled,

1  and (2) Evenflo's allegations have tarnished his professional reputation. (Doc. No. 45 at
2  3.) Augustine cites no authority for the proposition that harm to one's reputation is legal
3  prejudice, and Ninth Circuit case law instructs otherwise. Alleged harm to one's
4  reputation is not "prejudice to some legal interest, some legal claim, [or] some legal
5  argument." *Westlands Water Dist.*, 100 F.3d at 97. Furthermore, as with Augustine's
6  reasoning in his first argument, if the Court were to accept this as a plausible basis for
7  denying a motion to voluntarily dismiss, it would mandate denial of all such motions as
8  defendants in every case presumably suffer, to some degree, harm to their reputations.

9  However, the possibility of future witness unavailability does cause the Court
10  concern. Augustine alleges that "one of the key witnesses' employment [with Evenflo]
11  has already been terminated. If more key witnesses are terminated from their
12  employment, [] Augustine's ability to defend a new action is gravely impaired." (Doc.
13  No. 45 at 5.) Inability to defend against claims constitutes "prejudice to some legal
14  interest," which would support denying Evenflo's *ex parte* application. *Westlands Water*
15  *Dist.*, 100 F.3d at 97; *see also Sherman*, 2015 WL 473270, at *4 ("The inability to
16  conduct sufficient discovery for a defense can amount to legal prejudice."). However, as
17  the court noted in *Sherman*, "any concerns regarding [Augustine's] ability to conduct
18  discovery can be addressed by the terms and conditions of dismissal," which the Court
19  will consider below. *Sherman*, 2015 WL 473270, at *4.

20  **B.     Whether Dismissal Should be With or Without Prejudice**

21  The next question for the Court is whether the dismissal of Evenflo's claims should
22  be with or without prejudice. Dismissal pursuant to Rule 41(a)(2) is without prejudice
23  unless the order dismissing the case states otherwise. Fed. R. Civ. P. 41(a)(2). "Whether
24  to allow dismissal with or without prejudice is discretionary with the court, and it may
25  order dismissal to be with prejudice where it would be inequitable or prejudicial to
26  defendant to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F. Supp. 1439,
27  1443 (N.D. Cal. 1993) (internal citation omitted). Courts should consider the following
28  factors when determining whether dismissal should be with or without prejudice: "(1) the

defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443–44 (alteration in original) (internal citation omitted).

Evenflo seeks dismissal without prejudice. (*See* Doc. No. 41.) Neither party addresses the propriety of dismissal with prejudice. (*See* Doc. Nos. 45, 48.) However, considering the factors enunciated in *Burnette*, the Court concludes there is merit in **GRANTING IN PART** Evenflo's *ex parte* application by **DISMISSING** this action **WITH PREJUDICE**.

With respect to the first factor, Augustine states he has expended in excess of $100,000 in attorney's fees in defending this case. (*See* Doc. No. 45 at 5; Doc. No. 45-1 ¶¶ 5–6.) Augustine supports this contention with a declaration from defense counsel, as well as an "invoice summary."[4] (*See* Doc. No. 45-1 ¶¶ 5–6; Doc. No. 45-1 at 7.) Without ruling on the accuracy of the provided figure, the Court notes Augustine has vigorously defended this case in that he filed two motions to dismiss. (*See* Doc. Nos. 5, 18.) While Augustine failed to convince either this Court or the Southern District of Ohio that dismissal is appropriate, Augustine did succeed in having the case transferred. (*See* Doc. No. 8.) On the other hand, according to Evenflo, Augustine has repeatedly failed to meet discovery deadlines. (*See* Doc. No. 48-2 at 45, 48.) Based on these reasons, the Court concludes the first factor cuts neither for nor against dismissal with prejudice.

With respect to the second element, this case is far from infancy, having been filed twenty months ago, (Doc. No. 1), and given the close of fact discovery one month ago, (*see* Doc. No. 34 ¶ 6) (requiring fact discovery to be completed by October 9, 2015). The timing of this motion, filed on the heels of the close of fact discovery, is suspicious. *See*

---

[4] The Court notes the "invoice summary" does nothing more than show the amount billed on certain days, providing no details whatsoever of what was done on any given day. (*See* Doc. No. 45-1 at 7.)

*Hanginout*, No. 13cv2811 AJB (NLS), slip. op. at 3 (S.D. Cal. Apr. 22, 2015) (concluding "the timing of the instant motion," brought "within one month of the close of fact discovery," did not favor dismissal without prejudice). Augustine's contentions that Evenflo has failed to produce documents relating to "the lion share of its allegations" further troubles the Court. The Court therefore finds the second element supports dismissal with prejudice.

With respect to the third factor, Evenflo states it seeks dismissal without prejudice based on defense counsel's representations that "Augustine will file for bankruptcy protection if judgment is entered against him." (Doc. No. 41-1 at 3; Doc. No. 41-2 ¶ 2; Doc. No. 41-3 ¶ 2.) In his opposition, Augustine argues "the allegations have no merit." (Doc. No. 45 at 3.) Yet, despite supporting his opposition with a declaration from defense counsel, who purportedly represented Augustine's intent to file for bankruptcy, that declaration is silent regarding Evenflo's allegations. (*See* Doc. No. 45-1 at 1–2.) The Court agrees with Evenflo that weighing the costs of litigation against the likelihood of recovery is a perfectly reasonable basis for seeking dismissal. The Court concludes the third factor supports dismissal without prejudice.

While the three factors appear to be evenly divided, the Court considers the second factor to be the weightiest consideration here. Although the unlikelihood of recovery is a reasonable basis to seek dismissal, the Court is troubled that it took twenty months for Evenflo to make this realization. This delay, coupled with Evenflo's apparent lack of diligence in prosecuting this case based on its delay in producing documents to Augustine, warrants dismissing Evenflo's complaint with prejudice.[5] Clearly, a dismissal with prejudice will eliminate any legal prejudice Augustine may feel if dismissal is granted. *See Smith*, 263 F.3d at 976 (stating the district court's dismissal of claims with prejudice "so they cannot be reasserted in another federal suit [against defendant] only

---

[5] The Court further notes Evenflo states it is "unlikely" that it will refile the case. (Doc. No. 48 at 7.)

strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion"); *see also Hanginout*, No. 13cv2811 AJB (NLS), slip. op. at 3 (S.D. Cal. June 30, 2015) ("Because the dismissal is with prejudice, [d]efendant will not suffer any legal prejudice as a result of granting [p]laintiff's motion.")

Based on the foregoing, the Court exercises its discretion, *see Sams*, 625 F.2d at 277, and **GRANTS IN PART** Evenflo's *ex parte* application for voluntarily dismissal and **DISMISSES WITH PREJUDICE** the amended complaint.

### C. Whether Terms and Conditions Should Qualify Dismissal

Finally, the Court must consider what terms and conditions, if any, should be imposed on the dismissal of Evenflo's claims. To protect a defendant's interest in having to relitigate the matter, a court may condition "the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist.*, 100 F.3d at 97 (internal citation omitted). Such an award, however, is not "a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Furthermore, if an award of attorney's fees is made, the defendant, "should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water Dist.*, 100 F.3d at 97 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

Augustine seeks dismissal to be conditioned on Evenflo paying his attorney's fees and costs of nearly $100,000. (Doc. No. 45 at 5–6.) However, as the Court is granting dismissal with prejudice, the Court finds an award of attorney's fees is unnecessary to protect Augustine's interest, as there will clearly be no relitigation of this matter. *See Westlands Water Dist.*, 100 F.3d at 97; *see also Maculan v. City of Escondido*, No. 13cv1794 L(WVG), 2014 WL 3341070, at *1 (S.D. Cal. July 8, 2014) ("Although courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), such an award is improper when the dismissal is *with prejudice*.") (emphasis in original) (internal citations omitted); *Gonzalez v. Proctor & Gamble Co.*, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal.

1  Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the
2  voluntary dismissal is granted with prejudice.") (internal citation omitted).[6] Accordingly,
3  the Court **DENIES** Augustine's request for attorney's fees.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff Evenflo Company, Inc.'s *ex parte* application and motion to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2) and **DISMISSES WITH PREJUDICE** the amended complaint. The Court **DENIES** Defendant Mark Daniel Augustine's request for attorney's fees.

IT IS SO ORDERED.

Dated: November 24, 2015

Hon. Anthony J. Battaglia
United States District Judge

---

[6] The Court recognizes it deviated from this general rule in *Hanginout, Inc.*, where it awarded reasonable costs to the defendant. *See Hanginout, Inc.*, No. 13cv2811 AJB (NLS), slip. op. at 3–65 (S.D. Cal. June 30, 2015). However, the unique facts of that case warranting the award are not present here. *See generally id.* Furthermore, as discussed above, this case differs significantly from *Hanginout, Inc.* due to Augustine's numerous missed deadlines. *See supra* Discussion Section II.A. The Court therefore declines to reward Augustine's bad behavior by deviating from the general rule that attorney's fees should not be awarded where dismissal with prejudice is granted.